*99
 
 Battle, J.
 

 In the argument here it is conceded, and properly conceded, by the defendant’s counsel, that the plaintiff had, by his levy and taking possession of the slave, acquired the right to her, for the purposes of his execution, as against the defendant; see
 
 Jones
 
 v.
 
 Judkins,
 
 4 Dev. and Bat. Rep., 454. The counsel properly conceded also, that the bill of sale from Andrews to Huggins and Smith, was void, as against the plaintiff,
 
 (Gregory
 
 v.
 
 Perkins,
 
 4 Dev. Rep., 50,) but he contended that the plaintiff’s action could not be sustained, because there was no evidence of a conversion of the slave by the defendant. In support of this position, the counsel referred to several cases, to show that a mere levy upon a personal chattel, without a seizure of it, is not a trespass, and, therefore, is neither a conversion nor any evidence of it;
 
 soo Bland
 
 v.
 
 Whitfield, 1
 
 Jones, 122;
 
 Ragsdale
 
 v.
 
 Williams,
 
 8 Ired., 498;
 
 Francis
 
 v.
 
 Welch,
 
 11 Ired., 215;
 
 Glover
 
 v.
 
 Riddick,
 
 Ibid, 582.
 

 This may all be true, but the defendant, in the present case, did-much more. The jailor of his county, who is his officer, and into whose possession the plaintiff had- placed the slave to keep for him, refused, upon, demand, to deliver her to the plaintiff, and did this by the order of thé defendant. The refusal was, then, -in legal effect, the .refusal of the defendant himself; and a demand and refusal has always been consider1 ed as evidence of a conversion ;• and if unexplained, a. con1 version may, and ought to bé inferred by a jury, from them. The subsequent sale of .the slave, by,the defendant, as sheriff, having been made after the commencement of the suit, could not be relied on as the ground of the action, but it was proper to be considered as evidence, tending to show the purpose for which the refusal was made by the sheriff’s officer.
 

 The question of damages was not made, (so far as the transcript shows,) in the Court below; and; there is nothing stated from wdiich we can discover, that the amount of the execu1 tions, in the hands of the plaintiff, was not the full value
 
 oí
 
 the slave.
 

 Per Curiam,
 

 Judgment affirmed.